UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARINDA S. REDDING-CARR, | ) | |
| | ) | |
| Plaintiff, | ) | 12-2014 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER APPROVING MAGISTRATE RECOMMENDATION

In January 2012, the plaintiff, Darinda S. Redding-Carr ("Carr"), sought judicial review of the October 2010 decision by the Social Security Administrative Law Judge ("ALJ") denying Carr's claim for disability insurance benefits. The Appeals Council denied Carr's request for review.  On July 11, 2013, Magistrate Judge David G. Bernthal filed a report and recommendation that the defendant's motion for an order which affirms the Commissioner's decision be granted, and Carr's motion for summary judgment be denied.

Carr's claim was based primarily on her migraine headaches.  Carr filed a timely objection to the report and recommendation.  She takes issue with Judge Bernthal's finding that she had not requested a remand pursuant to 42 U.S.C. § 405(g), sentence six.  Carr points to her complaint and her motion for summary judgment to show that she sought  a remand. However, in her complaint Carr sought an outright reversal and award of benefits or, in the alternative, a remand for another hearing and for further evaluations, because the ALJ's determination that she was not disabled "does not comport to the exhibits in the file or the testimony at the hearing." Compl., d/e 1, p.3.

In her motion for summary judgment, Carr raised one issue: the ALJ committed reversible error in crafting Carr's residual functional capacity, and the ALJ's finding was patently wrong.  Carr pointed to some medical records upon which the ALJ relied in her October 2010 decision.  Among the records cited was a 2008 headache/migraine impairment form completed by Dr. Heim; in response to whether the frequency or the severity of Carr's migraines had been refractory to treatment, Dr. Heim checked "no.[1]"  Tr. 2091.  The ALJ considered this and other evidence in the record and rendered the decision that Carr believes is a "patently

_____

[1] In other words, "not responsive to treatment."  American Heritage Dictionary of the English Language, New College Edition (1976).  By checking "no," Dr. Heim indicated that the headaches responded to treatment.

incorrect assessment," and on that basis requested a reversal and remand.  Pl. Mem., d/e 14-1, pp. 6-7.

In her memorandum, Carr argued, "Further, *following the issuance of the decision* in this case, Dr. Heim authored a letter to clarify any misunderstanding as to the 'refractory' nature of the Plaintiff's migraine headaches.  See letter authored by Dr. Heim on 11/15/10[.]" Pl.'s Mem., d/e 14-1, p. 5 (emphasis added). The November 15, 2010 letter from Dr. Heim stated, in pertinent part, "It is my medical opinion that her migraines are indeed refractory to significant medical management[.]" Pl.'s Mem., d/e 14-1, p. 6.

Dr. Heim's November 2010 letter did not clarify a misunderstanding; it contradicted his own prior finding.

Where, as here, the Appeals Council has refused to review the case, the court is limited to reviewing the evidence that was presented to the ALJ.  *Eads v. Sec'y of Dep't of Health and Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993).  In *Eads*, the claimant was denied benefits, after which he submitted a letter from his doctor, but the Appeals Council declined to review his case.  *Eads*, 983 F.2d at 816.  The district court's review was limited to the evidence before the ALJ. *Eads*, 983 F.2d at 817.  The Seventh Circuit, citing the remand provisions of 42 U.S.C. § 405(g), stated, "Eads could have submitted the doctor's letter to the district court *as a basis for requesting such a remand.*  He did not do [so]."  *Eads*, 983 F.2d at 817.  Instead of arguing that the November 2010 letter was "really new and material," 983 F.2d at 818, Carr offers the letter to show that the ALJ should have found Carr's testimony credible.

Judge Bernthal's report and recommendation is well reasoned and thorough. The recommendation of Judge Bernthal [21] is, therefore, accepted by the court.  The court grants the motion for an order which affirms the Commissioner's decision [20], and denies the plaintiff's motion for summary judgment [14].  This case is terminated.

ENTERED this 31st day of July, 2013.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE